1  **James W. Hunt – SBN 122582**
2  **Christopher S. Hickey – SBN 198938**
   **FITZPATRICK & HUNT,**
3  **TUCKER, COLLIER, PAGANO, AUBERT, LLP**
   633 West Fifth Street, 60ᵗʰ Floor
4  Los Angeles, CA 90071
5  Tel.: (213) 873-2100
6  Fax.: (213) 873-2125 Fax
   james.hunt@fitzhunt.com
7  christopher.hickey@fitzhunt.com
8
9  Attorneys for Defendants
   **SIKORSKY AIRCRAFT CORPORATION and**
10 **SIKORSKY SUPPORT SERVICES, INC.**

All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"

NOTE CHANGES MADE BY THE COURT

11
12
13              **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**
15
16 TONYA HELMAN, et al.,                    )  Case No. CV09-01353-SVW (SS)
                                            )
17              Plaintiffs,                 )  [PROPOSED] STIPULATION
                                            )  **AND PROTECTIVE ORDER**
18 Vs.                                      )
                                            )
19                                          )
20 ALCOA GLOBAL FASTENERS, INC., et        )
   al.,                                     )  NOTE CHANGES MADE BY THE COURT
21                                          )
22              Defendants.                 )
                                            )
23                                          )
24 _____     )

25       Pursuant to Federal Rules of Civil Procedure 26(c), the parties hereto agree
26 and the Court hereby enters this Stipulated Protective Order ("Order") governing the
27 disclosure during pretrial discovery and the subsequent handling of highly sensitive
28 and confidential information as follows:

## 1. PURPOSES AND LIMITATIONS

1.1 **Scope.** This Protective Order shall apply to proceedings and discovery in the above-captioned cases known as *Helman v. ALCOA Global Fasteners, Inc., et al.*, CV09-01353-SVW.

1.2 **Need.** This case arises from the January 26, 2007 crash of a U.S. Navy MH-60S helicopter into the Pacific Ocean near San Clemente Island while being operated off the U.S.S. Bonhomme Richard. The parties anticipate that they will engage in extensive discovery regarding, among other things: (1) the design and manufacture of the subject helicopter and certain of its components and systems, (2) manuals, technical specifications, engineering recommendations, and other technical documents related to the helicopter, (3) helicopter design drawings and other design data, (4) maintenance, inspection, and repairs of the subject helicopter, and (5) plaintiffs' damages, as reflected in, *inter alia*, employment and medical records and other private documents.

Discovery concerning these and other topics will necessitate the disclosure of what each party contends is confidential and sensitive information, such as trade secrets, financial information, and plaintiffs' medical and employment records. Prior to production, no party can effectively evaluate the claims of the other as to the need for protection. Thus, a means that enables the production of documents at least to the point of evaluating the asserted need for protection, as well as an order specifying how such documents need to be treated is required in this case. Moreover, pursuant to the terms of this Order, any document designated as confidential where that designation can be identified as such and the matter submitted to the court for resolution.

In essence, in the absence of this Order, the Court would have to evaluate innumerable documents individually, and this task would likely severely burden the Court's processes and slow discovery. As to those documents that are entitled to

///

1  protection, disclosure of such confidential information is likely to prejudice the
2  legitimate business, competitive, and/or privacy interests of parties or of third
3  parties.  A protective order is thus needed in this action to enable the documents to
4  be evaluated and to protect against unauthorized disclosure of confidential
5  information and to ensure that such information will be used only for purposes of
6  this action.  A protective order will also expedite the flow of discovery materials,
7  protect the integrity of truly confidential information, promote the prompt resolution
8  of disputes over confidentiality, and facilitate the preservation of material worthy of
9  protection.

10      1.3    **Application.**  This Order shall govern any information produced in this
11  litigation by any party or third party, in any form (including, but not limited to,
12  documents, magnetic media, answers to interrogatories, responses to documents
13  demands, responses to requests for admissions, and deposition testimony and
14  transcripts, when the party producing the information reasonably believes that the
15  information to be produced contains private, proprietary, sensitive, trade secret, non-
16  public financial or medical information.  Documents, or portions thereof, that are
17  considered confidential may be so designated by marking them, in their entirety, as
18  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," as
19  hereinafter provided for in this Order.

20      1.4    **Limitations.**  The parties acknowledge that this Order does not confer
21  blanket protection on all disclosures or responses to discovery and that the
22  protection it affords extends only to the limited information or items that are entitled
23  under the applicable legal principles to treatment as confidential.

24   2.    **DEFINITIONS**

25      2.1    **Confidential Information.**  "Confidential Information" shall mean and
26  include, without limitation, any information that concerns or relates to proprietary
27  information, trade secrets, non-public commercial, financial, pricing, budgeting
28  ///

1   and/or accounting information, non-public information about existing and potential

2   customers, marketing studies, performance and projections, non-public business

3   strategies, decisions and/or negotiations, personnel compensation, evaluations and

4   other employment information, and confidential proprietary information about

5   affiliates, parents, subsidiaries and third parties with whom the parties to this action

6   have or have had business relationships. Confidential Information may be contained

7   in the following types of documents: insurance, training records, personnel records,

8   manuals, contracts, correspondence, e-mails, blueprints, specifications, drawings,

9   engineering notes, production documents, test reports, certification related

10  documents, meeting minutes, meeting notices, presentation documents, and other

11  types of documents relating to the design, manufacture, performance, sale,

12  maintenance, and/or use of commercial or military aircraft.

13      For purposes of this section, "trade secrets" means information, including a

14  formula, pattern, compilation, program, device, method, technique, or process, that:

15  (1) derives independent economic value, actual or potential, from not being

16  generally known to the public or to other persons who can obtain economic value

17  from its disclosure or use; and (2) is the subject of efforts that are reasonable under

18  the circumstances to maintain its secrecy.

19      For purposes of this section, "CONFIDENTIAL ATTORNEYS' EYES

20  ONLY" includes a limited subset of Confidential Information that contains or

21  discloses materials which the Producing Party in good faith believes to be of a

22  sufficiently high degree of commercial sensitivity and/or which would result in

23  competitive injury if disclosed.

24      **2.2   Documents.**   As used herein, the term "documents" includes all

25  writings, records, files, drawings, graphs, charts, photographs, emails, video tapes,

26  audio tapes, compact discs, electronic messages, other data compilations from which

27  information can be obtained, and other tangible things subject to production.

28  ///

2.3    **Designating Party.**  The "Designating Party" is the party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

2.4    **Producing Party.**  The "Producing Party" is the party or non-party that produces documents in this action.

2.5    **Receiving Party.**  The "Receiving Party" is the party that receives documents from a Producing Party.

3.    **INITIAL DESIGNATION**

3.1    **Produced Documents.**  A party producing documents that it believes in good faith constitute or contain Confidential Information shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

**CONFIDENTIAL**
**Subject to Protective Order in**
**CV09-01353-SVW**

If the party producing documents believes in good faith that disclosure of the information contained in the documents to one or more parties would result in competitive injury or otherwise compromise privacy rights the producing party may mark such documents or things as follows:

**CONFIDENTIAL ATTORNEYS' EYES ONLY**
**Subject to Protective Order in**
**CV09-01353-SVW**

These labels shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief are legally entitled

1  to protection from discovery and disclosure under the Oregon Rules of Civil
2  Procedure and applicable case law.

3      If it comes to the Designating Party's attention that information or items that
4  it designated for protection do not qualify for the asserted protection, the
5  Designating Party must promptly notify all other parties that it is withdrawing the
6  mistaken designation.

7      **3.2    Interrogatory Answers.**  If a party answering an interrogatory believes
8  that its answer contains Confidential Information, it shall set forth its answer in a
9  separate document that is produced and designated in the same manner as a
10  produced document under subparagraph 3.1.  The answers to interrogatories should
11  make reference to the separately produced document containing the answer, but such
12  document should not be attached to the interrogatories.

13      **3.3    Inspections of Documents.**  In the event a party elects to produce files
14  and records for inspection and the requesting party elects to inspect them, no
15  designation of Confidential Information need be made in advance of the inspection.
16  For the purposes of such inspection, all material inspected shall be considered as
17  Confidential Information.  If the inspecting party selects specified documents to be
18  copied, the Producing Party shall designate Confidential Information in accordance
19  with subparagraph 3.1 at the time the copies are produced.

20      **3.4    Deposition Transcripts.**  After the receipt of a deposition transcript, a
21  party may inform the other parties to the action of the portions of the transcript
22  (including exhibits) that it wishes to designate as Confidential Information.  The
23  entire deposition transcript (including exhibits) shall be treated as Confidential
24  Information for twenty-one (21) days after receipt.  If no designation is made within
25  twenty-one (21) days of receipt, the deposition transcript shall not be considered as
26  Confidential Information.  All parties in possession of a copy of a designated
27  ///
28  ///

1  deposition transcript shall mark the front of each copy of the transcript with:

2  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." If all or

3  part of a videotaped deposition is designated as confidential, the videocassette,

4  DVD, and the containers shall also be marked as containing Confidential

5  Information.

6         3.5   **Multi-page Documents.**  A party may designate all pages of an

7  integrated, multi-page document, including a deposition transcript and interrogatory

8  answers, as Confidential Information by placing the label specified in subparagraph

9  3.1 on the first page of the document. If a party wishes to designate only certain

10  portions of an integrated, multi-page document as Confidential Information, it

11  should designate such portions immediately below the label on the first page of the

12  document and place the label specified in subparagraph 3.1 on each page of the

13  document containing Confidential Information.

14         3.6   **Electronic Data.**  "Electronic data" means information stored or

15  recorded in the form of electronic or magnetic media (including information, files,

16  databases or programs stored on any digital or analog machine-readable device,

17  computers, discs, networks or tapes). Counsel for the Producing Party will

18  designate Electronic Data as "CONFIDENTIAL" or "CONFIDENTIAL

19  ATTORNEYS' EYES ONLY" in a cover letter identifying the information

20  generally. When feasible, counsel for the Producing Party will also mark the

21  electronic or magnetic media with the appropriate designation. Whenever any party

22  to whom Electronic Data designated as Confidential Information is produced

23  reduces such material to hardcopy form, such party shall mark the hardcopy form

24  with the label specified in subparagraph 3.1. Whenever any Confidential

25  Information Electronic Data is copied into another file, all such copies shall also be

26  marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY,"

27  as appropriate.

28  ///

To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," that party and its counsel must take all necessary steps to ensure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

3.7   **Inadvertent Failures to Designate.** If a Producing Party inadvertently fails to stamp or otherwise appropriately designate certain documents upon their production, it may thereafter designate such document as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" by promptly giving written notice to all parties that the material is to be so designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" material. If the Producing Party gives such written notice as provided above, their claims of confidentiality shall not be deemed to have been waived by failure to designate properly the information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" prior to disclosure. Upon receipt of written notice as provided for herein, the Receiving Party shall then stamp or otherwise mark the original and all known copies of the documents with the proper designation as described above. In addition, the Receiving Party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information under the terms set forth herein.

///

///

## 4.   DESIGNATIONS BY ANOTHER PARTY

4.1   **Notification of Designation.**  If a party other than the Producing Party believes that a Producing Party has produced a document that contains or constitutes Confidential Information of the non-Producing Party, the non-Producing Party may designate the document as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" by so notifying all parties in writing by facsimile within sixty (60) days of service of the document.

4.2   **Return of Documents; Non-disclosure.**  Whenever a party other than the Producing Party designates a document produced by a Producing Party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" designations in accordance with subparagraph 3.1 or substitute a copy of the document bearing that designation in accordance with subparagraph 3.1 for each copy of the document produced by the Producing Party. Each party shall destroy all undesignated copies of the document or return those copies to the Producing Party, at the direction of the Producing Party.  No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the sixty (60) day designation period specified in subparagraph 4.1.  If during the sixty (60) day designation period, a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the Producing Party, at the direction of the Producing Party.  The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the Designating Party, in accordance with subparagraph 7.1.

///

## 5.   OBJECTIONS TO DESIGNATIONS

A party is not obligated to challenge the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation at the time made, and failure to do so will not preclude a subsequent challenge thereto.  In the event that a party disagrees with a designation of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" that party shall notify the Designating Party in writing of the disagreement prior to the close of fact discovery. ~~The objecting party and the Designating Party shall promptly confer in an attempt to resolve their differences.~~  If the Designating Party and objecting party are unable to ~~resolve their differences, the objecting party shall have~~ twenty-one (21) days ~~from the date of notifying the Designating Party of the objection to file a motion seeking the Court's ruling on whether the information should remain designated~~ as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."  ~~The contested material shall be lodged with the Court under seal~~.  The burden of proving that the information has been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," based on the standards for such designations set forth herein, is on the Designating Party.

All documents initially designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall continue to be subject to this Order unless and until the Court rules otherwise.  If the objecting party elects not to make a motion for a clarifying ruling with respect to whether documents should be designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," it shall be deemed to have withdrawn its objection.

## 6.   CUSTODY

During the pendency of this litigation (including any appeals) and for ninety (90) days after the conclusion of this litigation, all Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the Receiving Party in the custody of counsel of record,

*[handwritten margin note: Disputes must be resolved pursuant to L.R. 37. Requests to seal must follow 79.]*

or by persons to whom disclosure is authorized under subparagraph 7.1 or by the Judge.  Paragraph 9 addresses in more detail handling of Confidential Information after the conclusion of this litigation.

### 7.    HANDLING PRIOR TO TRIAL

### 7.1    Authorized Disclosures

7.1.1  Materials designated "CONFIDENTIAL" shall only be disclosed to the following persons.  Before disclosing Confidential Information to any of the following persons, counsel shall ensure that the persons receiving Confidential Information are aware of the terms of this Protective Order and agree to comply with those terms.

a.    Attorneys appearing as counsel of record in these proceedings and personnel who are directly employed by such counsel and who are actively assisting in the preparation of this litigation;

b.    Counsel's third-party consultants and independent experts (and their agents and employees) who are employed for the purposes of this litigation;

c.    Parties to this litigation, limited to the named party and if that party is a corporate entity, those officers, directors, employees, in-house counsel, and insurers whose assistance is required for purposes of the litigation and who must have access to the materials to render such assistance;

d.    Any deponent, during his or her deposition, who is the Designating Party or a current employee or member of the Designating Party (or any person who prepared or assisted directly in the preparation of the CONFIDENTIAL material);

e.    Any other deponent as to whom there is a legitimate need to disclose particular materials for purposes of identifying or explaining it or refreshing recollection;

f.    Fact witnesses or potential percipient witnesses at or in preparation for deposition or trial;

1         g.    Outside vendors employed by counsel for copying, scanning and

2 general handling of documents;

3         h.    Persons or entities that provide litigation support services in

4 connection with the taking of depositions, including necessary stenographic,

5 videotape, and clerical personnel; and

6         i.    The Court and Court's Staff to whom materials are submitted as

7 evidence or in connection with a motion or opposition thereto, subject to the Court's

8 processes for filing materials under seal.

9     Such disclosures are authorized only to the extent necessary to prosecute or

10 defend this litigation. Information designated as "CONFIDENTIAL" shall not be

11 disclosed to persons described in Paragraphs 7.1.1(b), 7.1.1(e), of 7.1.1(f) unless and

12 until such persons are provided a copy of this Protective Order, represent that they

13 have read and understand the provisions of this Order, are advised by the disclosing

14 counsel that they are bound by the provisions of this Protective Order and execute an

15 Agreement of Confidentiality ("Confidentiality Agreement") in substantially the

16 form attached hereto as Exhibit A. The originals of such Confidentiality

17 Agreements shall be maintained by the counsel who obtained them until the final

18 resolution of this litigation. Confidentiality Agreements and the names of persons

19 who signed them shall not be subject to discovery except upon agreement of the

20 parties or further order of the Court after application upon notice and good cause

21 shown.

22     7.1.2 Confidential Information designated as "CONFIDENTIAL

23 ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

24         a.    Counsel of record in this action, and counsel's employees

25 working under their supervision to whom it is reasonably necessary that the material

26 be shown for purposes of this litigation;

27 ///

28 ///

1          b.      One designated member of the in-house general counsel staff of

2    the non-individual party receiving the information who is not involved in

3    competitive decision-making;

4          c.      Outside vendors employed by counsel for copying, scanning and

5    general handling of documents;

6          d.      The Court and Court personnel and stenographic reporters at

7    depositions taken in this litigation or otherwise during the taking of testimony at a

8    hearing and/or trial; and

9          e.      Such other persons as may be designated by written agreement of

10   the parties or by Court order.

11         It shall be the duty of the parties to ensure that each person given access to

12   "CONFIDENTIAL ATTORNEYS' EYES ONLY" material, as defined herein, be

13   made aware of the provisions of this Order.  Information designated

14   "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed to anyone

15   other than the individuals specified in this paragraph.  Additionally, information

16   designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be

17   disclosed to persons described in Paragraphs 7.1.2(b) or 7.1.2(e) unless and until

18   such persons are provided a copy of this Protective Order, represent that they have

19   read and understand the provisions of this Order, are advised by the disclosing

20   counsel that they are bound by the provisions of this Protective Order and execute a

21   Confidentiality Agreement in substantially the form attached hereto as Exhibit A.

22         7.1.3   Nothing in this Protective Order shall prohibit a party or its

23   counsel from disclosing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS'

24   EYES ONLY material to (a) the person(s) who authored the document or material;

25   (b) persons who previously received the document or material or a copy thereof not

26   in violation of this Order; (c) persons employed by the Producing Party; or (d) any

27   other person or entity, provided that, with respect to that person or entity, the

28   ///

Producing Party and Producing Party's counsel first approve such disclosure in writing.

7.2 **Additional Protection.** If a Designating Party believes that the disclosure and handling procedures provided for in this Order are not sufficient because certain material is extremely sensitive, the Designating Party shall inform the other parties to the litigation and attempt to reach an agreement on the handling of the material. If the parties cannot reach an agreement, the Designating Party may file a motion with the court for a more restrictive order. Such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement.

7.3 **Unauthorized Disclosures.** If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the Designating Party. Without prejudice to other rights and remedies of the Designating Party, the responsible party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

7.4 **Court Filings.** In the event any Confidential Information must be filed with the Court prior to the trial, the proposed filing shall be filed under seal.

## 8. **HANDLING DURING TRIAL**

Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions as imposed by the trial court upon application by the Designating Party.

## 9. **HANDLING AFTER DISPOSITION**

Within 90 days of the conclusion of this litigation (including any appeals), the Designating Party may request that any or all Confidential Information be returned

1    to the Designating Party. After receiving a request to return, the Receiving party at

2    its option may destroy Confidential Information instead of returning it to the

3    Designating party, but must so notify the Designating Party. The request for return

4    shall specifically identify the documents or things to be returned if return of less

5    than all Confidential Information is requested. The attorney for the Receiving Party

6    shall collect, assemble and return within 60 days all such Confidential Information,

7    including all copies and extracts thereof in the possession of the Receiving Party, its

8    counsel or other authorized recipients, but not including copies, extracts or

9    summaries that contain or constitute attorney work product. If such work product is

10   retained, however, the Confidential Information contained herein will continue to be

11   controlled by this Protective Order. Receipt of returned Confidential Information

12   shall be acknowledged in writing if such an acknowledgment is requested.

13             **10.   USE OF CONFIDENTIAL INFORMATION**

14         Confidential Information shall not be used by any person, other than the

15   Producing Party, for any purpose other than prosecuting, defending or settling this

16   litigation. In no event shall Confidential Information be used for any business,

17   competitive, personal, private, public or other purpose, except as required by law.

18   Documents that are to be protected under Stipulated Protective Order contain

19   information which the parties contend is confidential including research,

20   development, and commercial information that is valuable in the parties' respective

21   businesses. In this case, the good cause for keeping these documents confidential

22   includes the need to preserve the parties' current and/or future competitive

23   advantage. If third parties gain access to the confidential information, the parties'

24   businesses would suffer specific prejudice or harm because their competitive

25   advantage would be compromised or lost. This finding or prejudice is made for the

26   purpose of complying with <u>Foltz v. State Farm Mutual Automobile Ins. Co.</u>, 331

27   F.3d 1122 (9th Cir. 2003).

28   ///

## 11.   NO IMPLIED WAIVERS

The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Federal Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities.  Neither the agreement to, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

## 12.   MODIFICATION

In the event any party hereto seeks a Court order to modify the terms of this Order, said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

## 13.   CARE IN STORAGE

Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

## 14.   NO ADMISSION

Neither this Order nor the designation of any item as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

## 15.   NO APPLICATION

Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that (a) at the time of disclosure hereunder, was already lawfully in

///

the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or (b) at the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available.  Furthermore, nothing in this Order shall preclude any party to this Order from disclosing or using any information or documents not obtained pursuant to discovery, even though the same information or documents may have been produced by a party and designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" material.

### 16.   INADVERTENT PRODUCTION

Nothing in this Order abridges applicable law concerning inadvertent production of a document that the Producing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information.

### 17.   PARTIES' OWN DOCUMENTS

This Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or non-party.

### 18.   NO EFFECT ON OTHER RIGHTS

This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

### 19.   EXECUTION IN COUNTERPARTS

This agreement may be executed in counterparts.  Facsimile signatures will be considered as valid signatures as of the date hereof.

### 20.   EFFECT OF ORDER

This Order is binding on all parties to this action and on all parties who have agreed to be bound by this Order, and shall remain in full force and effect until modified, superseded or terminated by consent of the parties or by Order of Court.

///

This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the resolution of this litigation.

**IT IS SO ORDERED.** For good cause shown,

Dated: 7/13/12

_Suzanne H. Segal_
The Honorable Suzanne H. Segal
United States Magistrate Judge

All future discovery filings shall include the following language on the cover page:
"[Referred to Magistrate Judge Suzanne H. Segal]"

1

2 **STIPULATED AND AGREED TO:**

3

4

Dated:   June ___, 2012                 **O'REILLY COLLINS**

5

6

7                                        By: _____

8                                            James P. Collins
                                             Attorneys for Plaintiffs
9

10

11

Dated:  June ___, 2012                   **FITZPATRICK & HUNT,**

12                                       **TUCKER, COLLIER, PAGANO, AUBERT, LLP**

13

14

15                                       By:_____

16                                           James W. Hunt
                                             Christopher S. Hickey
17                                           Attorneys for Defendants
18                                       **SIKORSKY AIRCRAFT**
                                         **CORPORATION and SIKORSKY**
19                                       **SUPPORT SERVICES, INC.**

20

21

22 Dated:  June __, 2012                  **THE RYAN LAW GROUP**

23

24                                       By: _____

25                                           Timothy J. Ryan
                                             Rebekka R. Martorano
26                                           Attorneys for Defendant
27                                       **PARKER-HANNIFIN**
                                         **CORPORATION**
28

---

1

2   Dated:  July 10, 2012            **CONDON & FORSYTH, LLP**

3

4                          By:_____

5                              Christopher R. Christensen
                             Richard Lazenby
6                              Attorneys for Defendant
                             **GENERAL ELECTRIC**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA HELMAN, et al., | ) Case No. CV09-01353-SVW (SS) |
| Plaintiffs, | ) **CONFIDENTIALITY** |
| | ) **AGREEMENT** |
| Vs. | ) |
| | ) |
| ALCOA GLOBAL FASTENERS, INC., et | ) |
| al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**CONFIDENTIALITY AGREEMENT**

I, _____, declare under penalty of perjury that:

1.   I reside at _____;

2.   My present employer is _____;

3.   My present business address is _____;

4.   My present occupation or job description is _____;

5.   I have been engaged as a _____ on  behalf  of _____ in  the  preparation  and  conduct  of  the  above-captioned litigation.

6.      I am fully familiar with and agree to comply with and be bound by the provisions  of  the  Stipulated  Protective  Order  (the  "Order)  and  I  attest  to  my

1  understanding that access to information designated as "CONFIDENTIAL" or
2  "CONFIDENTIAL ATTORNEYS' EYES ONLY" may be provided to me and that
3  such access shall be pursuant to the terms and conditions and restrictions of the
4  Order.  I understand and acknowledge that failure to comply with the Order could
5  expose me to sanctions and punishment in the nature of contempt.

6       7.    I understand that I am to retain all copies of any information designated
7  as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in a
8  secure manner, and that all copies are to remain in my personal custody until this
9  action is terminated or until I have completed by assigned duties, whichever occurs
10  earlier, whereupon the copies and any writings prepared by me containing any
11  information    designated    as    "CONFIDENTIAL"    or    "CONFIDENTIAL
12  ATTORNEYS' EYES ONLY" are to be destroyed or returned to counsel who
13  provided me with such material at the option of counsel.

14       8.    I will not divulge to persons other than those specifically authorized by
15  said Order, and will not copy or use except solely for the purpose of this action, any
16  information    designated    as    "CONFIDENTIAL"    or    "CONFIDENTIAL
17  ATTORNEYS' EYES ONLY" obtained pursuant to said Order, except as provided
18  in said Order.  I also agree to notify any stenographic or clerical personnel who are
19  required to assist me of the terms of said Order.

20       9.    I further agree to submit to the jurisdiction of the United States District
21  Court for the Central District of California for the purpose of enforcing the terms of
22  the Order, even if such enforcement proceedings occur after this action is
23  terminated.

24      10.    I state under penalty of perjury under the laws of the United States of
25  America that the foregoing is true and correct.

26  Executed on _____, 2012

27                          Signature: _____

28